

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JUN 0 6 2016

Clerk, U.S. District Court
Texas Eastern

| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>ACCOUNT DISCOVERY<br>SYSTEMS, LLC<br>*Defendant.* | Case No. 4:16cv373<br><br>Judge Mazzant<br><br>TRIAL BY JURY DEMANDED |

### ORIGINAL COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq.*

### JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Account Discovery Systems, LLC (ADS), a debt collection company with offices at 495 Commerce Drive #2, Amherst, NY 14228.

### VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

7. On or about October 15, 2013 ADS made the first of 35 calls to Plaintiff's wireless phone number **682-560-1675** from phone number 432-897-0419 which was one of 18 different numbers that ADS used to place calls to Plaintiff.

8. The numbers that ADS used to place calls to Plaintiff were 830-217-2005, 361-288-7692, 972-351-8256, 713-574-8413, 254-449-8332, 214-717-5829, 432-987-0419, 682-200-3213, 913-279-0570, 866-412-2734, 817-778-8837, 915-603-3317, 281-377-5922, 210-807-4455, 254-230-0393, 940-297-1460, 806-370-6071 and 210-807-4442.

9. ADS made **at least 35 individual calls** to Plaintiff's wireless phone beginning October 15, 2013 and continuing through February 10, 2014 using ATDS capable equipment.

10. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given.

11. ADS called Plaintiff's wireless phone number 682-560-1675, on the following dates and times from the following numbers:

    1) October 15, 2013 at 3:37 PM from 432-897-0419;
    2) October 17, 2013 at 9:58 AM from 682-200-3213;
    3) October 23, 2013 at 2:05 PM from 682-200-3213;
    4) October 28, 2013 at 1:42 PM from 713-574-8413;
    5) October 28, 2013 at 2:26 PM from 913-279-0570;
    6) October 29, 2013 at 12:47 PM from 866-412-2734;
    7) November 1, 2013 at 9:14 AM from 817-778-8837;
    8) November 8, 2013 at 9:27 AM from 915-603-3317;
    9) November 15, 2013 at 9:22 AM from 281-377-5922;
    10) November 15, 2013 at 9:22 AM from 281-377-5922 (second call);
    11) November 18, 2013 at 2:24 PM from 913-574-8413;
    12) November 22, 2013 at 1:08 PM from 210-807-4455;
    13) December 4, 2013 at 12:01 PM from 682-200-3213;
    14) December 5, 2013 at 11:25 AM from 254-230-0393;
    15) December 10, 2013 at 1:09 PM from 877-778-8837;
    16) December 11, 2013 at 11:37 AM from 281-377-5922;
    17) December 12, 2013 at 2:45 PM from 915-603-3317;
    18) December 19, 2013 at 12:13 PM from 214-717-5829;

    19) December 27, 2013 at 9:42 AM from 940-297-1460;
    20) January 2, 2014 at 10:41 AM from 940-297-1460;
    21) January 3, 2014 at 9:27 AM from 830-217-2005;
    22) January 6, 2014 at 3:55 PM from 361-288-7692;
    23) January 6, 2014 at 3:55 PM from 361-288-7692 (second call);
    24) January 8, 2014 at 10:44 AM from 972-351-8256 ;
    25) January 9, 2014 at 12:20 PM from 806-370-6071;
    26) January 13, 2014 at 2:13 PM from 682-200-3213;
    27) January 13, 2014 at 2:13 PM from 682-200-3213 (second call);
    28) January 13, 2014 at 2:14 PM from 682-200-3213;
    29) January 14, 2014 at 10:41 AM from 713-574-8413;
    30) January 17, 2014 at 9:22 AM from 210-807-4442;
    31) January 23, 2014 at 10:46 AM from 254-449-8332;
    32) January 24, 2014 at 9:31 AM from 214-717-5829;
    33) January 28, 2014 at 4:18 PM from 682-200-3213;
    34) February 6, 2014 at 1:09 PM from713-574-8413;
    35) February 10, 2014 at 6:49 PM from 817-778-8837.

12. On the several occasions when Plaintiff would answer Defendant's calls no one would say anything and there would be only dead air.

13. On a number of occasions Defendant would leave a prerecorded voicemail message referencing an account number 2217082.

14. Plaintiff at or near the time each of the calls was placed to his wireless phone by the Defendant made handwritten notes of all call details including but not limited to: the date, time, whether he answered the call and what was said by the caller if anything, what he said or whether a voicemail message was left.

15. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS) and/or used an artificial or prerecorded voice.

16. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

17. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

18. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

19. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

20. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone number.

21. At the times that all of the above identified calls were received on his wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody and control of said phone and paid for the airtime for the called phone number.

22. Plaintiff felt extremely and continually harassed constantly receiving so many phone calls over a 4 month period without his consent regarding an account he had no knowledge of or responsibility for. On a number of days multiple calls were made the same day with no live person on the line.

23. Plaintiff sent a Notice of Intent to Sue to the Defendant which was received by it on May 2, 2016 in an effort to mitigate damages and settle all claims prior to litigation. Counsel for ADS and Plaintiff entered into negotiations in an attempt to reach a settlement but the parties were unable to do so prior to litigation.

## COUNT I

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

24. Plaintiff repeats and re-alleges each and every allegation stated above.

25. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227 *et seq.*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that ADS violated the TCPA 47 U.S.C. § 227 *et seq.*

b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations;

c. Awarding Plaintiff any fees and costs incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642