**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **DAVID E. MACK** § | |
| *Plaintiff,* § | |
| § | **Case No. 4:16-cv-373** |
| vs § | |
| § | |
| **ACCOUNT DISCOVERY** § | |
| **SYSTEMS, LLC** § | |
| *Defendant.* § | |
| § | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

Plaintiff hereby moves this Court pursuant to F.R.C.P. 12(f) to strike Defendant's

Affirmative Defenses numbered 1 thru 7 and 9 on the grounds that they are insufficient as they fail

to state legal or factual defenses.

## MEMORANDUM

Plaintiff filed this lawsuit on June 6, 2016.  On June 27, 2016 Defendant filed an Answer

and Affirmative Defenses to Plaintiff's Original Complaint.

## STANDARD OF REVIEW

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter," upon a party's motion or sua sponte. Fed.

R. Civ. P. 12(f). [B]ecause striking a portion of a pleading is a drastic remedy, and because it often

is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with

disfavor and are infrequently granted." F.D.I.C. v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993)

(Cummings, J.)  The Rule applies to complaints as well as affirmative defenses. *Woodfield v.*

*Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)  The purpose of a motion to strike under Rule 12(f) is to test the legal validity of a defense.  The motion to strike should be granted only if the insufficiency of the defense is clearly apparent.  *See Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986).  Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. *See EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## ANALYSIS AND ARGUMENT

**First Defense**.  Plaintiff's Complaint fails to state a claim upon which relief can be granted against the answering Defendant.  The Defendant fails to state how the complaint fails to state a claim upon which relief can be granted.  The affirmative defense of failure to state a claim should be stricken as insufficiently pleaded if the allegation is no more than a recitation of the standard for a motion to dismiss. *Fleet Business Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 569-570 (N.D. Ill. 1999). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield.*

**Second Defense**.  Defendant had the Plaintiff's prior express consent for the conduct or claims alleged in the Complaint.  This is nothing more than a boilerplate affirmative defense with no basis whatsoever.  Plaintiff clearly states in his Complaint [Doc. 1 ¶ 10] that he had not given Defendant consent to call his wireless phone.  Defendant fails to provide any information as to how it allegedly had Plaintiff's consent to place calls to his wireless phone. Plaintiff further stated [Doc. 1 ¶ 22] that he had no knowledge of or responsibility for account 2217082 Defendant was apparently calling about.  This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* and should be stricken.

**Third Defense**. Plaintiff's claims alleged in the complaint are barred by the statute of limitations. This is nothing more than yet another boilerplate affirmative defense with no basis whatsoever. There is no question that the claims made by Plaintiff were brought within the statute of limitations under the TCPA which is 4 years. The earliest dated call from the Defendant alleged by Plaintiff occurred on October 15, 2013 [Doc. 1 ¶ 11] and this action was filed on June 6, 2016 less than 20 months later. Defendant advances no facts or legal basis for the court to conclude that the claims made should be barred under the 4 year statute of limitations under the TCPA. Defendant's third defense should be stricken.

**Fourth Defense**. Plaintiff failed to mitigate his damages. Failure to mitigate is not a defense to an award of statutory damages. This is not an affirmative defense and should be stricken because it is unintelligible and has no basis in law or in any recognized legal theory. Plaintiff in any case clearly articulated his efforts to mitigate damages in his Complaint. [Doc. 1 ¶ 23] Plaintiff has the burden of demonstrating that he is entitled to whatever damages the statutes allow and this affirmative defense is a waste of toner.

**Fifth Defense**. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions. Again, nothing more than another boilerplate affirmative defense with no basis in fact. Plaintiff did nothing more than be subjected to the imperious ring of his wireless phone as a result of numerous bothersome and unwanted phone calls from the Defendant without his consent. Plaintiff was needlessly subjected to over 30 calls where there was either dead air when he answered or a prerecorded voice message was left on his voicemail on most occasions. Defendant fails to provide one scintilla of information as to what type of actions Plaintiff may have taken to preclude

violations other than to not have his wireless phone in the first place which is ridiculous on its face. This defense is absurd having no merit and should be stricken.

**Sixth Defense**. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third-parties over whom Defendant had no control or authority. This is nothing more than yet another boilerplate affirmative defense with no basis in fact. Defendant has not identified any third parties, or any of their employees, agents or principals that may have engaged in any actions related to the violations alleged in Plaintiff's Complaint. Plaintiff has made no claims against any other parties other than the Defendant. Defendant has failed to give fair notice of any alleged factual basis for this defense and it should therefore be stricken.

**Seventh Defense**. To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s). The TCPA is a strict liability statute *Park Univ. Enters., Inc. v. American Cas. Co.*, 314 F. Supp. 2d 1094 (D. Kansas 2004). "The TCPA is essentially a strict liability statute" that "does not require any intent for liability except when awarding treble damages." Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir. 2011). The only affirmative defense available under the TCPA for maintaining procedures to prevent violations of the regulations is in 47 U.S.C. § 227(c)(5) for telemarketers under the National Do Not Call Registry. 47 U.S.C. § 227(c)(5)(C) Plaintiff's claims are made under 47 U.S.C. § 227(b)(1)(A)(iii) where no such affirmative defense is available therefore Defendant's seventh defense should be stricken.

**Ninth Defense**. Plaintiff's claims are barred [by] the doctrine of established business relationship. The Doctrine of established business relationship is not an affirmative defense. Plaintiff clearly states in his Complaint [Doc. 1 ¶ 22] that the Defendant was calling about an account number 2217082 which he had no knowledge of or responsibility for. Defendant fails to

provide any information that the account it was calling about belonged to or was related in any manner to Plaintiff or how there was any established business relationship with him. This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* and should be stricken.

## CONCLUSION

"A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989).

WHEREFORE, for the reasons stated above Plaintiff requests this Honorable Court strike Defendant's Affirmative Defenses numbers 1 thru 7 and 9 and for any other relief this Court deems just and proper.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above document was sent to the parties listed below by first class mail USPS.

Brendan H. Little
LIPPES MATHIAS WEXLER
FRIENDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202

Dated June 28, 2016

David E. Mack