IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>ACCOUNT DISCOVERY<br>SYSTEMS, LLC<br>*Defendant.* | Case No. 4:16-cv-373-ALM-CAN<br><br>TRIAL BY JURY DEMANDED |

### FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq.*

### JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Account Discovery Systems, LLC (ADS), a debt collection company with offices at 495 Commerce Drive #2, Amherst, NY 14228.

### VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

7. On or about October 15, 2013 ADS made the first of 54 calls to Plaintiff's wireless phone number 682-560-1675 from phone number 432-897-0419 which was one of 18 different numbers that Plaintiff has identified as being used by ADS to place calls to Plaintiff's wireless phone.

8. The numbers that Plaintiff was able to identify ADS used to place calls to his wireless phone were 830-217-2005, 361-288-7692, 972-351-8256, 713-574-8413, 254-449-8332, 214-717-5829, 432-987-0419, 682-200-3213, 913-279-0570, 866-412-2734, 817-778-8837, 915-603-3317, 281-377-5922, 210-807-4455, 254-230-0393, 940-297-1460, 806-370-6071 and 210-807-4442.

9. ADS made **54 individual calls** to Plaintiff's wireless phone beginning October 15, 2013 and continuing through February 10, 2014 using ATDS capable equipment.

10. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given. In doing so ADS violated Plaintiff's right to privacy under 47 U.S.C. § 227 *et seq.*

11. ADS called Plaintiff's wireless phone number 682-560-1675, on the following dates and times from the following numbers that Plaintiff documented in handwritten notes at or near the time of the calls:

    1) October 15, 2013 at 3:37 PM from 432-897-0419;
    2) October 17, 2013 at 9:58 AM from 682-200-3213;
    3) October 23, 2013 at 2:05 PM from 682-200-3213;
    4) October 28, 2013 at 1:42 PM from 713-574-8413;
    5) October 28, 2013 at 2:26 PM from 913-279-0570;
    6) October 29, 2013 at 12:47 PM from 866-412-2734;
    7) November 1, 2013 at 9:14 AM from 817-778-8837;
    8) November 8, 2013 at 9:27 AM from 915-603-3317;
    9) November 15, 2013 at 9:22 AM from 281-377-5922;
    10) November 15, 2013 at 9:22 AM from 281-377-5922 (second call in same minute);

11) November 18, 2013 at 2:24 PM from 913-574-8413;
12) November 22, 2013 at 1:08 PM from 210-807-4455;
13) December 4, 2013 at 12:01 PM from 682-200-3213;
14) December 5, 2013 at 11:25 AM from 254-230-0393;
15) December 10, 2013 at 1:09 PM from 877-778-8837;
16) December 11, 2013 at 11:37 AM from 281-377-5922;
17) December 12, 2013 at 2:45 PM from 915-603-3317;
18) December 19, 2013 at 12:13 PM from 214-717-5829;
19) December 27, 2013 at 9:42 AM from 940-297-1460;
20) January 2, 2014 at 10:41 AM from 940-297-1460;
21) January 3, 2014 at 9:27 AM from 830-217-2005;
22) January 6, 2014 at 3:55 PM from 361-288-7692;
23) January 6, 2014 at 3:55 PM from 361-288-7692 (second call in same minute);
24) January 8, 2014 at 10:44 AM from 972-351-8256 ;
25) January 9, 2014 at 12:20 PM from 806-370-6071;
26) January 13, 2014 at 2:13 PM from 682-200-3213;
27) January 13, 2014 at 2:13 PM from 682-200-3213 (second call in same minute);
28) January 13, 2014 at 2:14 PM from 682-200-3213;
29) January 14, 2014 at 10:41 AM from 713-574-8413;
30) January 17, 2014 at 9:22 AM from 210-807-4442;
31) January 23, 2014 at 10:46 AM from 254-449-8332;
32) January 24, 2014 at 9:31 AM from 214-717-5829;
33) January 28, 2014 at 4:18 PM from 682-200-3213;
34) February 6, 2014 at 1:09 PM from713-574-8413;
35) February 10, 2014 at 6:49 PM from 817-778-8837.

12. In addition to the personally documented calls listed above, Plaintiff obtained evidence of additional calls made by the Defendant to his wireless phone number 682-560-1675 through discovery. These calls are those that he had not previously identified or documented but were made in the same time span as the documented calls. The specific dates and times of those additional calls *as shown in documents provided by ADS in discovery* are as follows:

36) October 26, 2013 at 6:21 AM (HQ time)*
37) October 29, 2013 at 7:05 AM (HQ time)*
38) November 7, 2013 at 11:05 AM (HQ time)*
39) November 11, 2013 at 9:06 AM (HQ time)*
40) November 13, 2013 at 6:44 AM (HQ time)*
41) November 13, 2013 at 10:54 AM (HQ time)*
42) November 19, 2013 at 9:23 AM (HQ time)*
43) November 19, 2013 at 1:40 PM (HQ time)*
44) November 26, 2013 at 8:47 AM (HQ time)*
45) November 27, 2013 at 7:59 AM (HQ time)*

  46) December 13, 2013 at 6:45 AM (HQ time)*
  47) December 16, 2013 at 8:47 AM (HQ time)*
  48) December 18, 2013 at 6:51 AM (HQ time)*
  49) December 18, 2013 at 7:41 AM (HQ time)*
  50) December 18, 2013 at 12:40 PM (HQ time)*
  51) December 20, 2013 at 6:45 AM (HQ time)*
  52) December 26, 2013 at 8:01 AM (HQ time)*
  53) January 28, 2014 at 5:21 PM (HQ time)*
  54) January 31, 2014 at 5:22 PM (HQ time)*

* HQ time denotes time noted on ADS call records which in most entries was 4 hours earlier than central time where calls were received and documented by Plaintiff. Several entries in the records inexplicably indicated a 2 hour time differential from HQ time to the documented times of calls received and documented by Plaintiff. The time of most calls documented by Plaintiff matched the call records provided by ADS considering the time differential described.

13. On the several occasions when Plaintiff would answer Defendant's calls no one would say anything and there would be only dead air.

14. On a number of occasions Defendant would leave a prerecorded voicemail message referencing an account number 2217082.

15. Plaintiff at or near the time each of the calls was placed to his wireless phone by the Defendant, that he was aware of, made handwritten notes of the call details. Details include but are not limited to: the date, time, whether he answered the call and what was said by the caller if anything; what he said, or whether a voicemail message was left.

16. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS) and/or used an artificial or prerecorded voice.

17. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

18. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

19. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

20. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

21. Plaintiff felt extremely harassed and his privacy was egregiously violated receiving back to back phone calls within the same minute on several occasions when there was never a live person who spoke on any of the calls. On a number of days multiple calls were made with no live person on the line.

22. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone number.

23. At the times that all of the above identified calls were received on his wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody and control of the phone and paid for the airtime for the called phone number.

24. Plaintiff's right to privacy was constantly violated receiving so many phone calls over a 4 month period without his consent regarding an account he had no knowledge of or responsibility for.

25. Plaintiff suffered concrete and particularized injury in several ways: He was denied use of his wireless phone at the times of the numerous unwanted calls. He incurred actual damages in the form of airtime he paid for used in answering and to record and listen to voicemails left by ADS. He was also saddled with the cost of electricity used and wear and tear on his phone as a result of the calls. However, because of the minimal dollar amount of actual damages incurred, Plaintiff chooses not to make any claim for those damages herein.

26. All calls were made within the last four years and all violations alleged in this action are within the statute of limitations of four years under the TCPA.

27. Plaintiff sent a Notice of Intent to Sue to the Defendant which was received by it on May 2, 2016 in an effort to mitigate damages and settle all claims prior to litigation. Counsel on behalf of ADS and Plaintiff entered into negotiations in an attempt to reach a settlement but the parties were unable to do so prior to litigation.

## COUNT I

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

24. Plaintiff repeats and re-alleges each and every allegation stated above.

25. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227 *et seq*.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that ADS violated the TCPA 47 U.S.C. § 227 *et seq*.

   b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations;

   c. Awarding Plaintiff any fees and costs incurred in this action;

   d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

   e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

_____
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was sent to the below named party by first class USPS mail.

Dated: August 26, 2016

_____
David E Mack

Brendan H. Little
LIPPES MATHIAS WEXLER
FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202