IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>ACCOUNT DISCOVERY<br>SYSTEMS, LLC<br>*Defendant.* | §<br>§<br>§<br>§ Case No. 4:16-cv-373-ALM-CAN<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

FILED
SEP 6 2016
Clerk, U.S. District Court
Texas Eastern

## PLAINTIFF DAVID E. MACK'S MOTION TO COMPEL DISCOVERY ANSWERS FROM DEFENDANT ACCOUNT DISCOVERY SYSTEMS, LLC AND BRIEF IN SUPPORT OF MOTION

COMES NOW the Plaintiff, David E. Mack, who moves the Court to compel Account Discovery Systems, LLC (ADS) to provide proper amended responses to Plaintiff's outstanding Requests for Interrogatories, Admissions and Production of Documents.

Plaintiff has made a good faith effort to resolve the outstanding discovery disputes outlined below without the necessity for the Court's involvement and assistance, to no avail. This motion is made in good faith and not made for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

### A. Introduction

1. Plaintiff is David E. Mack and Defendant is Account Discovery Systems, LLC (ADS).

2. Plaintiff sued Defendant for violations of the Telephone Consumer Protection Act. (TCPA).

3. On July 7, 2016 Plaintiff served discovery in the form of Requests for Admissions, Interrogatories and Production of Documents to ADS via certified mail.

4. Plaintiff received responses to the discovery requests on August 15, 2016. Some responses were in large part non-responsive to the inquiries made or contained meritless objections.

5. Plaintiff has also served additional discovery requests to Defendant that have yet to be answered at the time of filing of this motion. <u>Plaintiff will assess the answers to those inquires for completeness when received but anticipates similar obstructive answers and objections based on the past behavior of ADS in this lawsuit.</u>

6. Plaintiff sent a letter to ADS on August 23, 2016 via email and USPS outlining the deficiencies in the responses to his first requests for discovery and provided clarification where necessary. [Exhibit 1] Plaintiff stated corrected responses were required by August 29, 2016 or in the alternative, a conference with Plaintiff by that date to resolve the disputes.

7. ADS eventually responded to Plaintiff via email on August 31, 2016 stating <u>it was standing by all its prior responses to Requests for Admissions</u> and further information could be obtained in deposition of ADS in Buffalo, NY. It also effectively reiterated the answers given to Interrogatories and Production were unchanged other than stating it would supplement the response to Interrogatory number 8. [Exhibit 2]

## B. <u>Argument and Brief in Support</u>

8. The court may compel responses to discovery if a party does not do any of the following: (1) answer question submitted under Federal Rules of Civil Procedure 30, 31; (2) make a designation under Rule 30(b)(6) or 31(a): (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34. FRCP 37(a)(2)(B)

9. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. FRCP 26(b)(1)

10. In regard to **Admission No 1**:

   a. REQUEST No. 1 "Admit that you placed the calls at issue in this lawsuit to 682-560-1675 using telephone equipment that had the capacity to store numbers to be dialed."

   b. RESPONSE: "Admits that Defendant Account Discovery Systems, LLC ("ADS") initiated telephone calls to 682-560-1675."

   c. The response fails to address or answer the issue of capacity to store numbers as specifically requested and is an evasive answer. The inquiry was very clear asking if the calls at issue were made using telephone equipment that had the *capacity* to store numbers to be dialed. The answer provided clearly skirts the substance of the inquiry into the equipment's capacity to store numbers and instead only gives a partial answer as to the calls being made. The inquiry is probative of the capabilities of the equipment used by ADS to place the calls at issue and is material to determining facts that are relevant and admissible as to a final determination of whether equipment used constitutes an ATDS. The FCC ruled, as relevant here, that the TCPA's use of the term "capacity" in the definition of "automatic telephone

dialing system," 47 U.S.C. § 227(a)(1), does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. July 10, 2015 FCC Declaratory Ruling and Order, ¶ 15. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.* at ¶ 16. ADS should be compelled to provide a complete answer to the inquiry made.

11. In regard to **Admission No. 2**:

    a. **REQUEST No. 2** "Admit that when you placed the calls to 682-560-1675 between October 1, 2013 and March 31, 2014 you were attempting to reach a person other than the Plaintiff, David E. Mack."

    b. **RESPONSE:** "ADS objects to this request as it is unsure which telephone calls the Plaintiff is referring to in this request."

    c. In the paragraph immediately before admission number one in the Definitions Section of the Request for Admissions served to ADS it clearly states "As used herein, the words "call" and "telephone call" mean all calls placed by the Defendant to phone number 682-560-1675 between October 1, 2013 and March 31, 2014." [Exhibit 3] Plaintiff clearly pointed out in his objections to ADS's original answers [Exhibit 1] that the phone calls referenced were specified in the Definitions section of the Requests for Admissions. ADS still refuses to provide an answer that is responsive to the inquiry and stands on its prior response to the inquiry. ADS should be compelled to answer this inquiry directly.

12. In regard to **Admission No. 7**:

    a. **REQUEST No. 7** "Admit that you placed the calls identified in this lawsuit to 682-560-1675."

    b. **RESPONSE:** ADS objects to this request as it is unsure which calls the Plaintiff is referring to.

    c. In the paragraph immediately before admission number one in the Definitions Section of the Request for Admissions it clearly states "As used herein, the words "call" and "telephone call" mean all calls placed by the Defendant to phone number 682-560-1675 between October 1, 2013 and March 31, 2014." [Exhibit 3] Plaintiff clearly pointed out in his objections to ADS's original answers [Exhibit 1] that the phone calls referenced were specified in the Definitions section of the Requests for Admissions. ADS still refuses to provide an answer that is responsive to the inquiry. ADS should be compelled to answer this inquiry directly.

13. In regard to **Admission No. 12**:

    a. **REQUEST No. 12** "Admit that the calls at issue in this lawsuit made by you to telephone number 682-560-1675 between October 1, 2013 and March 31, 2014 were made consciously."

    b. **RESPONSE:** ADS objects to this request as it is unsure what the Plaintiff [is] asking ADS to admit.

    c. Plaintiff clarified the request in the letter to ADS [Exhibit 1] stating: To clarify the meaning of "consciously", the inquiry as it was made was according to the meaning of *consciously* as defined in Webster's Dictionary as *"done or acting with critical awareness."* This is to inquire as to whether your client was knowingly making the calls as opposed to an accidental dialing malfunction or some other set of circumstances. The inquiry is relevant and probative as it relates to ADS's defense of bona-fide error [Doc. 3

¶ 32] and is a legitimate inquiry based on that defense. ADS should be compelled to properly answer the request.

14. In regard to **Admission No. 13**:

    a. **REQUEST No. 13**: "Admit that the calls you made that are the subject of this lawsuit to telephone number 682-560-1675 between October 1, 2013 and March 31, 2014 were made deliberately."

    b. **RESPONSE:** ADS objects to this request as it is unsure what the Plaintiff [is] asking ADS to admit.

    c. Plaintiff clarified the request in his letter to ADS [Exhibit 1] stating: To clarify the meaning of "deliberately", the inquiry as it was made was according to the meaning of *deliberate* as defined in Black's Law Dictionary 6th Ed. as "*willfully: with premeditation: intentionally: purposely.*" This request is to inquire as to whether the calls made by ADS to 682-560-1675 were made with intent to do so by ADS. The inquiry is relevant and probative as it relates to ADS's defense of bona-fide error [Doc. 3 ¶ 32] and is a legitimate inquiry based on that defense. ADS should be compelled to properly answer the request.

15. In its response to Plaintiff's request for corrected answers to Interrogatories ADS in large part stated the same objections and agreed to supplement the answer for Request No. 8 which it has not yet done. The following discusses those answers to Interrogatories still in dispute.

16. In regard to **Interrogatory No. 3**:

    a. **REQUEST No. 3**: "Provide the name(s) and complete contact information for the person(s) responsible for the training of collection agents at ADS in the use of any technology, including software applications, used in their position as debt collectors that

 in any manner utilizes or is connected to the phone equipment and/or technology that you intend to assert at trial was used to place the calls at issue in this lawsuit."

 b. **RESPONSE:** ADS objects to this demand because it seeks information that is not likely to lead to the discovery of admissible evidence. Specifically, the Telephone Consumer Protection Act (the "TCPA") is a strict liability statue and the identity of the individual who participates in training of the employees at ADS is not probative of a fact or consequence in the subject litigation.

 c. The response states a legal conclusion and does not address the substance of the inquiry. The inquiry into how employees were trained in the use of the technology and telephone system(s) used by ADS is probative as to discovering relevant admissible evidence related to <u>how calls are placed by them and how and when calls are connected to its agents</u> which are key elements in determining whether an ATDS was utilized by ADS to place the calls at issue in this suit. ADS should be compelled to properly answer the request.

17. As to **Interrogatory No. 5**:

 a. **REQUEST No. 5:** "If ADS, as a defense to the claims made by the Plaintiff in this lawsuit, intends to assert at trial that the calls made by it or any of its subsidiaries or agents to wireless phone number 682-560-1675 were manually dialed or initiated by a live person, please provide the name and complete contact information for that person(s)."

 b. **RESPONSE:** James Prawel, ADS's Chief Executive Officer, will testify as to the identity of the individual(s) who made telephone calls to the telephone number listed in this interrogatory.

    c. Simply stating a corporate officer will testify as to the identity of individuals does not address the substance of the request. ADS argues that the calls at issue were manually dialed and not made with an ATDS. The identity of those person(s) who ADS alleges manually dialed calls to plaintiff is not only relevant but critically probative in determining the facts surrounding how the calls were actually made and handled including the use of prerecorded messages left on Plaintiff's voicemail. Those persons to be identified would have firsthand fact knowledge, to be acquired through deposition, regarding how the calls were actually made as well as how the equipment was used to make them. ADS should be compelled to provide all information responsive to the request.

18. As to **Interrogatory No. 10**:

    **a. REQUEST No. 10:** "Identify all equipment (including software, software applications, software packages, software systems, software programs, hardware, computer systems, and other electronic or non-electronic devices) that Defendant used to make the telephone calls to 682-560-1675 that are at issue in this lawsuit."

    **b. RESPONSE:** ADS objects to this demand because it seeks information that is not likely to lead to the discovery of admissible evidence. Specifically, the TCPA is a strict liability statute and the types of software, hardware, etc. used by ADS is not probative of a fact or consequence in the subject litigation.

    **c.** ADS's objection that the request seeks information that is not likely to lead to the discovery of admissible evidence is clearly obstructionist in nature given the claims made under the TCPA. The type of equipment and other things used to make the calls is without question relevant to the claims made in the most fundamental way in this TCPA

lawsuit. ADS's claim that the request is not probative of a fact or consequence in the subject litigation is unfounded and obviously obstructive in nature. Inquiry into what equipment was used by ADS is highly relevant to and probative in finding evidence of whether the equipment used by ADS to place the calls at issue and the manner in which it was used is determinate of whether it used an ATDS to place the calls at issue here. Identification of those facts and characteristics is at the heart of determining whether an ATDS was utilized by ADS in placing calls to Plaintiff's phone which is an element necessary to prove liability. ADS should be compelled to answer the request with specificity.

19. As to **Interrogatory No. 11**:

    a. **REQUEST No. 11:** "If Defendant contends that any telephone call that it made to telephone number 682-560-1675 that is at issue in this lawsuit was made involuntarily please explain the factual basis of that contention."

    b. **RESPONSE:** ADS stands by its responses. If you have further follow-up questions on these topics these areas are ripe for questioning in a deposition of ADS in Buffalo, New York.

    c. ADS's original answer was an objection that the request is broad and vague and it is unsure what information the Plaintiff is looking for. A clarification was made in Plaintiff's letter [Exhibit 1] to facilitate a proper and complete answer. Given that ADS has pleaded a defense of bona-fide error, the inquiry is relevant to discovery of any facts or evidence as to any involuntary actions taken by ADS in placing the calls at issue. ADS should be compelled to provide a clear and unambiguous answer to this request.

20. Requests for Production of Documents were served with instructions and definitions to clarify precisely what was being requested. [Exhibit 4] In response to Plaintiff's request for corrected answers to Requests for Production of Documents some acceptable corrected answers were provided while one was again non-responsive to the request made. The following discussion relates to the answer to the Request for Production still in dispute.

21. As to **Request for Production No. 16:**

   a. **REQUEST No. 16:** "All policies and procedures for managing your telephone systems, including (for depositions):

   a. Individuals who define, design, approve or otherwise are involved in creating the calling programs and campaigns used in your collection operations.

   b. Individuals with administrative level access to the calling systems.

   c. Individuals who audit, maintain or otherwise operate the calling systems.

   d. Individuals who maintain or manage lists of telephone numbers for collection activities and operations."

   **b. RESPONSE:** The TCPA is a strict liability statute. Thus, the substance of ADS's policies and procedures, if any, is not relevant to whether ADS used an automatic telephone dialing system to dial a mobile telephone. The question presented to a fact finder will be did ADS dial a mobile phone using an automatic telephone dialing system. Thus, ADS's policies/procedures are not probative of whether ADS used ATDS to dial a mobile phone. ADS stands by its objection.

   **c.** The answer provided does not address the substance of the request and in fact states a legal conclusion. The request is relevant and probative as to what policies and procedures were followed as to whether calls are actually manually dialed by agents or whether calls are made by automated means and connected to agents after being

answered and what policies and procedures are followed in leaving pre-recorded voice messages for the called party among other things. In a TCPA lawsuit for violations that relate to the use of a telephone system, information that relates to the use of telephone equipment and individuals who define, design, approve or otherwise are involved in creating the calling programs and campaigns is highly relevant. Identification of Individuals who audit, maintain or otherwise operate or oversee the calling systems as well as those individuals who maintain or manage lists of telephone numbers for collection activities and operations is relevant and probative in discovering evidence related to how and why the calls were made to Plaintiff's phone. ADS should be compelled to answer the request with specificity.

### C. Conclusion

ADS failed to provide proper answers to the above outlined requests for discovery. Plaintiff states that the information requested in the above outlined requests is relevant and would be admissible at trial or lead to the discovery of other admissible evidence and facts in this case.

WHEREFORE, because Plaintiff's requests are proper and because ADS has refused to comply with the rules, Plaintiff requests the Court compel ADS to respond fully, adequately and expeditiously to the above noted discovery requests.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was sent to the below named party by first class USPS mail.

Dated: September 6, 2016

_____
David E Mack

Brendan H. Little
LIPPES MATHIAS WEXLER
FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202