# Exhibit 1

**David E. Mack**
7720 McCallum Blvd. #2099
Dallas, Texas 75252

August 23, 2016

Brendan H. Little
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 1420

Sent via email and USPS

Dear Mr. Little,

I received your responses to my discovery requests in David E. Mack v Account Discovery Systems, LLC. 4:16-cv-373 in the Eastern District of Texas. I find the answers to discovery provided to be insufficient and improper objections made in certain instances. Below I will outline the individual answers that are not acceptable given the specific inquiry made and provide clarification where necessary so that your client may properly answer the inquiries in a timely manner as required under FRCP.

**As to Admissions:**

**Admission No. 1:** The admission specifically asks your client **"Admit that you placed the calls at issue in this lawsuit to 682-560-1675 using telephone equipment that had the capacity to store numbers to be dialed."**

The answer provided does not address the full substance of the request in that it states only that calls were made by ADS to 682-560-1675 without addressing the stated issue of capacity or giving a one word answer of "Admit." Please answer as to the full substance of the inquiry including the capacity issue.

**Admission No. 2:** The admission asks your client **"Admit that when you placed the calls to 682-560-1675 between October 1, 2013 and March 31, 2014 you were attempting to reach a person other than the Plaintiff, David E. Mack."**

ADS's response is a non-responsive objection that it is unsure which telephone calls the Plaintiff is referring to. In the paragraph immediately before admission number one in the Definitions Section of the Request for Admissions it clearly states "As used herein, the words "call" and "telephone call" mean all calls placed by the Defendant to phone number 682-560-1675 between

October 1, 2013 and March 31, 2014. It is quite clear as to precisely what calls were in question. Please properly answer as to the entire substance of the inquiry.

**Admission No. 7:** The admission asks your client **"Admit that you placed the calls identified in this lawsuit to 682-560-1675."**

ADS's response is a non-responsive objection that it is unsure which telephone calls the Plaintiff is referring to. In the paragraph immediately before admission number one in the Definitions Section of the Request for Admissions it clearly states "As used herein, the words "call" and "telephone call" mean all calls placed by the Defendant to phone number 682-560-1675 between October 1, 2013 and March 31, 2014. It is quite clear as to precisely what calls were in question. Please properly answer as to the substance of the inquiry.

**Admission No. 12:** The admission asks your client to **"Admit that the calls at issue in this lawsuit made by you to telephone number 682-560-1675 between October 1, 2013 and March 31, 2014 were made consciously."**

ADS's answer states it doesn't know what Plaintiff is asking it to admit. To clarify the meaning of "consciously", the inquiry as it was made was according to the meaning of *consciously* as defined in Webster's Dictionary as *"done or acting with critical awareness."* This is to inquire as to whether your client was knowingly making the calls as opposed to an accidental dialing malfunction or some other set of circumstances. Please answer the inquiry subject to the above clarification.

**Admission No. 13:** The admission asks your client **"Admit that the calls you made that are the subject of this lawsuit to telephone number 682-560-1675 between October 1, 2013 and March 31, 2014 were made deliberately."**

ADS's answer states it doesn't know what Plaintiff is asking it to admit. To clarify the meaning of "deliberately", the inquiry as it was made was according to the meaning of *deliberate* as defined in Black's Law Dictionary 6th Ed. as *"willfully: with premeditation: intentionally: purposely."* This request is to inquire as to whether the calls made by ADS to 682-560-1675 were made with intent to do so by ADS. Please answer the inquiry subject to the above clarification.

### As to Interrogatories:

**Interrogatory No. 3:** This Interrogatory requested **"Provide the name(s) and complete contact information for the person(s) responsible for the training of collection agents at ADS in the use of any technology, including software applications, used in their position as debt collectors that in any manner utilizes or is connected to the phone equipment and/or**

technology that you intend to assert at trial was used to place the calls at issue in this lawsuit."

Objection is made to this inquiry stating that is not likely to lead to the discovery of admissible evidence and the TCPA is a strict liability statute. **This objection is dilatory and wholly without merit.** The identity of person(s) responsible for training of collectors in the use of technology is directly relevant to the facts of this case as to what features and capabilities the equipment had that was used by the agents to place calls and how they were trained to use it in placing calls to 682-560-1675. In a publicly available statement by ADS to the Better Business Bureau it states **"I have a Compliance Team in place that monitors and reviews daily collection calls for both ADS and our clients that we represent. We have about 75 collectors along with a dialer system that produces about 35,000 to 50,000 outbound/inbound calls per day, which means we handle about 1 million calls per month or 12 million calls per year." We have made a huge investment in upgrading both our Software and Communications Systems in order to manage this volume of business, along with implementing a Compliance Management System to watch over this investment.** The above statement in itself where it mentions the use of a dialer making a very high volume of calls per day with a relatively small workforce showcases the need for Plaintiff to obtain detailed information to determine whether the equipment used by and the training provided to the users of the equipment leads to evidence showing whether the equipment used to place calls to 682-560-1675 was an ATDS. That the TCPA is a strict liability statute has nothing to do with the information sought in this inquiry and is an improper objection. Please properly answer the inquiry providing the information requested.

**Interrogatory No. 5:** This Interrogatory asks **"If ADS, as a defense to the claims made by the Plaintiff in this lawsuit, intends to assert at trial that the calls made by it or any of its subsidiaries or agents to wireless phone number 682-560-1675 were manually dialed or initiated by a live person, please provide the name and complete contact information for that person(s)."**

The answer provided does not answer the substance of the inquiry made and is evasive and dilatory. The specific inquiry is for the names and contact information for those persons who actually made the calls to 682-560-1675 that ADS claims, as a defense, were manually dialed. The request was not for testimony about the identity of those individuals by a corporate officer but rather the specific identity and means of contact for those persons for deposition purposes related to the calls made to 682-560-1675. Please properly answer the inquiry providing the information requested.

**Interrogatory No. 8:** This Interrogatory asks **"Has Defendant recorded any communications or conversations, or attempted communications or conversations, with Plaintiff? If yes, has**

**Defendant retained the recordings? If the recordings have not been maintained, please explain the reason for their disposal."**

The answer provided only addresses the policy of ADS to record both incoming and outgoing calls and does not fully answer as to the full substance of the inquiry. There is no answer as to whether any recordings were in fact made and if so whether they have been retained or not retained and if not why. Please answer the inquiry as to its full substance instead of a partial answer.

**Interrogatory No. 10:** This Interrogatory asks **"Identify all equipment (including software, software applications, software packages, software systems, software programs, hardware, computer systems, and other electronic or non-electronic devices) that Defendant used to make the telephone calls to 682-560-1675 that are at issue in this lawsuit."**

**The objection made by ADS to this interrogatory is blatantly obstructive and without merit.** The objection is that it seeks information that is not likely to lead to the discovery of admissible evidence. The public statement to the Better Business Bureau by ADS that states ""I have a Compliance Team in place that monitors and reviews daily collection calls for both ADS and our clients that we represent. We have about 75 collectors along with a dialer system that produces about 35,000 to 50,000 outbound/inbound calls per day, which means we handle about 1 million calls per month or 12 million calls per year." We have made a huge investment in upgrading both our Software and Communications Systems in order to manage this volume of business, along with implementing a Compliance Management System to watch over this investment.** The equipment used by ADS to make the phone calls to 682-560-1675 has **everything** to do with whether the calls to Plaintiff were made using an ATDS and inquiry into all equipment, technology and systems used goes directly to identifying the type, manufacturer and other pertinent information about the equipment and associated things used to make the calls to 682-560-1675 and whether it constitutes an ATDS. Please answer the inquiry as to its full substance.

**Interrogatory No. 11:** This Interrogatory asks **"If Defendant contends that any telephone call that it made to telephone number 682-560-1675 that is at issue in this lawsuit was made involuntarily please explain the factual basis of that contention."**

**The Objection of broad and vague raised by ADS is baseless and without merit.** The inquiry is very simple in that it asks if ADS contends that any of the calls made to 682-560-1675 were made involuntarily, in other words coerced in some manner. To clarify the meaning of "involuntarily" in the inquiry as it was made, that term is the same as the meaning of *involuntarily* as defined at Dictionary.com of *"not voluntary; independent of one's will; not by one's own choice."* Please properly answer the inquiry subject to the clarification above.

**Interrogatory No. 12:** This Interrogatory asks **"If Defendant contends that any telephone call that it made to telephone number 682-560-1675 that is at issue in this lawsuit was not made consciously please explain the factual basis of that contention."**

ADS objects that the inquiry is broad and vague and states it doesn't know what information Plaintiff is seeking when it is obvious on its face. To clarify the meaning of "consciously", the inquiry as it was made was according to the meaning of *consciously* as defined in Webster's Dictionary of *"done or acting with critical awareness."* This is to inquire as to if ADS contends that it did not consciously make the calls to 682-560-1675 and if so to give an explanation of why that is the case. Please properly answer the inquiry subject to the above clarification.

**Interrogatory No. 13:** This Interrogatory asks **"If Defendant contends that any telephone call that it made to telephone number 682-560-1675 that is at issue in this lawsuit was not made deliberately please explain the factual basis of that contention."**

ADS's answer states the request is vague and broad and it doesn't know what information Plaintiff is looking for. To clarify the meaning of "deliberately," the inquiry as it was made was according to the meaning of *deliberate* as defined in Webster's Dictionary as *"done or said in a way that is planned or intended : done or said on purpose."* This request is to inquire as to whether the calls made by ADS to 682-560-1675 were made with intent to do so by ADS. Please properly answer the inquiry subject to the above clarification.

**Interrogatory No. 14:** This Interrogatory asks **"If Defendant contends that it had an established business relationship with Plaintiff please provide all details as to when the relationship was established, what the nature of the relationship was (ie collection or provision of any service(s)) and what type of contact or correspondence it had with Plaintiff that established that relationship."**

ADS's answer to this inquiry is clearly dilatory and a delaying tactic. ADS can ascertain from its own records whether it has ever had a business relationship with the Plaintiff. Either it has evidence of a business relationship or it doesn't and discovery to other parties is not going to provide any evidence of any business relationship that ADS is not already in possession of. Please properly answer the straight forward inquiry made.

### As to Production of Documents:

**Request for Production No. 1:** The request states **"All evidence showing the reason(s) that you attempted to reach the Plaintiff, David E. Mack, including by calling 682-560-1675 after October 1, 2013."**

ADS's answer to "see account notes attached hereto" is not responsive to the specifics of the request. The documents attached to the response are nothing more than just records of calls placed to 682-560-1675 and are not full account records showing other details regarding the alleged account ADS was attempting to collect on and **why ADS was specifically attempting to reach the Plaintiff, David E. Mack, rather than some other person.**

**Request for Production No. 6:** The request states **"All documents concerning David E. Mack, including but not limited to documents he sent to you, documents you sent to him, recorded telephone conversations, email or text messages you sent to 682-560-1675 from October 1, 2013 to the present time."**

ADS's answer is not complete and does not include documents known to be in the possession of ADS including but not limited to communications from Plaintiff to ADS. Please properly respond to the request and produce **all** documents specifically stated in the request and if ADS is not in possession of any of the specific documents requested please state that fact.

**Request for Production No. 16:** The request states **"All policies and procedures for managing your telephone systems, including (for depositions):**

   a. **Individuals who define, design, approve or otherwise are involved in creating the calling programs and campaigns used in your collection operations.**
   b. **Individuals with administrative level access to the calling systems.**
   c. **Individuals who audit, maintain or otherwise operate the calling systems.**
   d. **Individuals who maintain or manage lists of telephone numbers for collection activities and operations."**

ADS's answer to this request that there are no documents responsive to the request is dilatory and unfathomable given the statement made to the Better Business Bureau by ADS that is publicly available and states **"I have a Compliance Team in place that monitors and reviews daily collection calls for both ADS and our clients that we represent. We have about 75 collectors along with a dialer system that produces about 35,000 to 50,000 outbound/inbound calls per day, which means we handle about 1 million calls per month or 12 million calls per year. We have made a huge investment in upgrading both our Software and Communications Systems in order to manage this volume of business, along with implementing a Compliance Management System to watch over this investment."** To state that ADS has no written policies and procedures for its operations stretches the credibility of its statement beyond its elastic limits. Please properly respond with all documentation as requested.

**Request for Production No. 18:** The request states **"All documents indicating how far back data exists regarding calls made to 682-560-1675."**

ADS's objection to the request as being broad and vague is dilatory and without merit. The request is simple, concise and cannot be made any clearer. The request is for **any** documents that indicate in **any** form how far back call data for calls to 682-560-1675 exists. If no specific documents that address that specific request are in possession, custody or control of ADS it should be so stated.

The above stated objections to the answers provided in response to discovery are clearly made and your client has a duty to properly and completely answer the inquiries. If you have questions regarding these objections please let me know. I need to have the proper answers to the outlined requests above or have discussion with you regarding same by next Monday August 29, 2016.

Failure to provide adequate answers or confer in good faith to reach a resolution of the dispute regarding this matter by the above date will result in me moving forward to file a motion to compel the proper answers with the court. I am not going to give extra time to amend the answers or engage in extended conference regarding them as the requests are not complex and are very straight forward. I expect a prompt response. Again, if you have questions please advise and we can discuss your concerns.

Yours Truly,


David Mack