# Exhibit 2



Lippes **Mathias** Wexler **Friedman** LLP

*Brendan H. Little*
Partner
blittle@lippes.com

August 31, 2016

**VIA ELECTRONIC MAIL & U.S. MAIL**
David Mack
7720 McCallum Blvd.
No. 2099
Dallas, TX 75252

    Re:    Mack v. Account Discovery Systems, LLC
              Case No.: 16-cv-373 (EDTX)

Dear Mr. Mack:

I am in receipt of your letter dated August 23, 2016. Please see the below responses to your inquiries raised therein.

Requests for Admission

ADS stands by its responses and objections articulated in response to Plaintiff's Request for Admissions. If you believe that you need further clarification on ADS's responses, those inquiries are ripe for questioning in a deposition of ADS in Buffalo, New York.

Interrogatories

3.    The Telephone Consumer Protection Act (the "TCPA") is a strict liability statute. Thus, the substance of ADS's policies and procedures, if any, is not relevant to whether ADS used an automatic telephone dialing system to dial a mobile telephone. The question presented to the fact finder will be did ADS dial a mobile phone using an automatic telephone dialing system. Thus, ADS's polices/procedures are not probative of whether ADS used ATDS to dial a mobile phone. ADS stands by its objection.

5.    This interrogatory asked for the identity of an individual and ADS provided you with ADS's Chief Executive Officer. If you have further follow-up questions on this topic, this area is ripe for questioning in a deposition of ADS in Buffalo, New York. ADS stands by its response.

8.    You have raised a valid point and ADS will supplement its response to identify whether the recordings have been retained.

10. The TCPA is a strict liability statute. Thus, the specifics concerning software, hardware, computers, etc., if any, are not relevant to whether ADS used an automatic telephone dialing system to dial a mobile telephone. The questions presented to a fact finder will be did ADS dial a mobile phone using an automatic telephone dialing system. Thus, ADS's software, hardware and computers are not probative of whether ADS used ATDS to dial a mobile phone. ADS stands by its objection.

11. – 14. ADS stands by its responses. If you have further follow-up questions on these topics, these areas are ripe for questioning in a deposition of ADS in Buffalo, New York.

Requests for Production

1. and 6. ADS has produced all the documents in its possession responsive to the demands.

16. The TCPA is a strict liability statute. Thus, the substance of ADS's policies and procedures, if any, is not relevant to whether ADS used an automatic telephone dialing system to dial a mobile telephone. The questions presented to a fact finder will be did ADS dial a mobile phone using an automatic telephone dialing system. Thus, ADS's polices/procedures are not probative of whether ADS used ATDS to dial a mobile phone. ADS stands by its objection.

18. ADS has produced all the documents in its possession responsive to the demands.

In the event you would like to further discuss the content of your August 23, 2016 letter or my letter, please do not hesitate to contact me.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

Brendan H. Little

BHL/bmo