# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | Case No. 4:16-cv-373-ALM-CAN |
| | §<br>§ | |
| ACCOUNT DISCOVERY<br>SYSTEMS, LLC<br>　　Defendant. | §<br>§<br>§<br>§ | |

## PLAINTIFF DAVID E. MACK'S FIRST REQEST FOR ADMISSIONS TO DEFENDANT ACCOUNT DISCOVERY SYSTEMS, LLC

COMES NOW Plaintiff, David E. Mack (Plaintiff) pursuant to Fed. R. Civ. P. 36, and hereby requests that Defendant, Account Discovery Systems, LLC (Defendant) answer the following requests for admission within thirty (30) days of service. The requesting party, David E. Mack, hereby requests pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, that the Responding Party, admit the truth of each of the following requests for purposes of this action only, and subject to all pertinent objections as to the admissibility thereof that may be interposed at trial. The Plaintiff requests that the Defendant answer the following requests to admit facts. If the Defendant objects to any requested admission, the reason thereof shall be stated. The Defendant's answer shall specifically admit or deny the requested admission, or set forth in detail the reasons why the Defendant cannot truthfully admit or deny the requested admission. A denial shall fairly meet the substance of the requested admission, and when good faith requires that the Defendant qualify an answer or deny only in part of the matter of which an admission is requested, the Defendant shall specify so much of it as is true and qualify or deny the remainder, again detailing the specificity of the denial of the part thereof.

## DEFINITIONS

The definition of "ATDS" herein shall mean the definition of "automatic telephone dialing system" as stated in the Federal Communications Commission Declaratory ruling of November 29, 2012. The Commission has emphasized that this definition covers any equipment that has the specified *capacity* to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14092, para. 133 (2003) (*2003 TCPA Order*)."

As used herein, the words "you," "your" and "yours" means the Defendant who is answering these requests, as well as anyone acting on behalf of or at the direction of the Defendant who is answering these requests.

As used herein, the words "call" and "telephone call" mean all calls placed by the Defendant to phone number 682-560-1675 between October 1, 2013 and March 31, 2014.

**REQUEST FOR ADMISSION NO.1**: Admit that you placed the calls at issue in this lawsuit to 682-560-1675 using telephone equipment that had the capacity to store numbers to be dialed.

**REQUEST FOR ADMISSION NO. 2**: Admit that when you placed the calls to 682-560-1675 between October 1, 2013 and March 31, 2014 you were attempting to reach a person other than the Plaintiff, David E. Mack.

**REQUEST FOR ADMISSION NO. 3**: Admit that Plaintiff never provided express consent to you to call telephone number 682-560-1675 at any time.