# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK<br>Plaintiff, | § § § | |
| v. | § § | Case No. 4:16-cv-373-ALM-CAN |
| ACCOUNT DISCOVERY<br>SYSTEMS, LLC<br>Defendant. | § § § § § | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ACCOUNT DISCOVERY SYSTEMS, LLC

COMES NOW the Plaintiff David E. Mack and hereby requests that the Defendant, Account Discovery Systems, LLC, pursuant to Rule 34 of the Federal Rules of Civil Procedure Answer Plaintiff's First Set of Requests for Production of Documents, as set forth herein, within 30 days after service.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce within (30) days, copies of the documents herein described and send those copies to David E. Mack, 7720 McCallum Blvd. #2099, Dallas, Texas 75252.

This request is intended to cover all documents in possession of the Defendant, or subject to its custody and control, regardless of location.

These Requests are deemed to be continuing to the full extent permissible pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental or amended answers should be furnished within ten (10) days of the date on which any additional information is obtained.

## INSTRUCTIONS

1. Each answer must be as complete and straightforward as the information reasonably available to Defendant, or anyone acting on its behalf, permits. 'YOU, OR ANYONE ACTING ON YOUR BEHALF" includes Defendant, its agents, its employees, its insurance companies, its agents, its employees, its attorneys, its accountants, its consultants and expert witnesses, its investigators, and anyone else acting on its behalf.

2. If a Request cannot be answered completely, answer it to the extent possible. If the person(s) answer for the Defendant do not have enough personal knowledge to fully answer an Interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations.

3. Whenever a Request may be answered by referring to a document (such as business records), the document(s) may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

4. In the event that the Defendant objects to answering any Request, producing any of the documents requested or responding to any of the requests for production, Defendant should state the precise ground(s) for each objection and the basis for asserting that such ground is applicable. Such statement should be made separately for each request with respect to which Defendant asserts an objection. Communications which, on the ground of some objection, are not produced should be identified as follows:

   A. State the full name and the present residential address of the person or persons by whom the document was written or communications were made;

  B. State, with respect to each of the persons identified pursuant to (A) above: (1) at present, his employer, title, substantive responsibilities, business address, immediate supervisor and the designation of the office or department in which the person is employed, and (2) at the time the document was written or communication was made, his employer, title, substantive responsibilities, immediate supervisor and the designation of the office or department in which the person was employed;

  C. State the date of the document or the date and place of the communication;

  D. State, with respect to a document, the title or caption of the document and its nature (e.g., letter/memorandum/corporate resolution/etc.);

  E. State, with respect to a document, the present location of the document, and the name and address of the person in whose custody or control the document is currently held;

  F. Provide a brief description of the substance or subject matter of the document or communication (without waiving an alleged privilege);

  G. State the full name and the present residential and business address of each person to receive the document or a copy thereof or to whom a communication was made or further disseminated; and

  H. State, with respect to each person identified pursuant to (F) above, the Information requested in (B)(1) and (2) above.

 5. If any information or documents responsive to any of the following Requests are withheld under a claim of privilege, describe or identify:

  A. The subject matter of any information or communication withheld, and

  B. The format (medium) and date of such communication, and

      C.     All Parties to such communication, or others who may have records of same, and

      D.     The precise nature of any privilege under which it is withheld, and

      E.     The party(ies) asserting the privilege, and

      F.     The party/attorney/custodian/other person bound by the privilege.

## DEFINITIONS

1. "Document" As used in this request, the term "document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

2. "Person" means any individual or entity, including, but not limited to, partnership(s), association(s), corporation(s), principal, agent, or other.

3. "Identify" when used with reference to a natural person, means to state each of the following:

      A.    The person's full name;

      B.    The person's present residential address; and

      C.    His present employer, title, substantive responsibilities, business address, his immediate supervisor, and the designation of the office or department in which the person is employed.

4.    "Identify" when used with reference to an entity other than a natural person, means to state each of the following:

      A.    The full name of the entity and any names under which it does business;

      B.    The present or last known address of the entity's principal office or place of business;

      C.    The type of entity (e.g., corporation, partnership);

      D.    All officers/agents/employees (if less than ten) of such entity;

      E.    All phone numbers for the entity; and

      F.    All fax numbers for the entity.

5.    "Identify" when used in reference to an oral communication, including meetings, conferences, discussions, conversations, advice, counsel, speeches, addresses, and remarks, means to state each of the following:

      A.    The full name and residential and business address of the person making such oral communication;

      B.    The full name and residential and business address of each person to whom such oral communication was made;

      C.    If the oral communication was made to the members of a large class, in which case it shall be sufficient to describe the class;

D. The date and place at which such oral communication was made;

E. The substance of the oral communication;

F. The source of Defendant's information about the communication; and

G. In addition, identify each document that was recorded, summarized or referred to in the oral communication.

6. "Identify" when used in reference to a document, means to state each of the following:

A. The nature of the document (e.g., letter of memorandum);

B. Its title or caption;

C. Its date;

D. The name, title, and employer of each author of the document at the time the document was written;

E. At the time the document was written, the name, title, and employer of each person to receive the document, or to whom a copy thereof was distributed;

F. The present location of the document; and

G. The name and address of the person in whose custody or control the document is currently held.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All evidence showing the reason(s) that you attempted to reach the Plaintiff, David E. Mack, including by calling 682-560-1675 after October 1, 2013.

**REQUEST FOR PRODUCTION NO. 2:**

All call records showing other phone number(s), if any, that you called attempting to reach the Plaintiff, David E. Mack other than 682-560-1675.