IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:16-cv-373 |
| | ) | |
| ACCOUNT DISCOVERY SYSTEMS, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**
**SUPPLEMENTAL DISCOVERY RESPONSES**

**BACKGROUND**

The instant action stems from the Plaintiff David E. Mack's (the "Plaintiff") allegation that the Defendant Account Discovery Systems, LLC (the "Defendant") violated provisions of the Telephone Consumer Protection Act (the "TCPA").

The Plaintiff commenced litigation by filing a Complaint with the Court on June 6, 2016. (Dkt. 1). The Defendant joined issue by service of on Answer on June 27, 2016. (Dkt. 5). On July 7, 2016, the Plaintiff served the Defendant with discovery requests in the form of Requests for Admissions, Interrogatories, and Production of Documents. *See* Declaration of Brendan H. Little, sworn to September 20, 2016 ("Little Dec."), Ex. A-C. The Defendant served responses on August 10, 2016. *See* Little Dec., Ex. A-C. On August 23, 2016, the Plaintiff sent a letter to the Defendant claiming the Defendant's responses were improper. *See* Little Dec., Ex. D. On August 31, 2016, the Defendant forwarded a letter to the Plaintiff responding to his letter. *See* Little Dec., Ex. E.

1

The Plaintiff's motion requests that the Court compel supplemental responses the Plaintiff's Requests for Interrogatories, Requests for Admissions, and Requests for Production of Documents. (Dkt. 24). The Plaintiff states, "this motion is made in good faith and not for the purposes of delay, harassment, or to unnecessarily increase the costs of litigation." However, it is clear from the Plaintiff's approach to discovery that undue delay, harassment, and increasing the costs of litigation are precisely what the Plaintiff sets out to achieve. For example, the Plaintiff seeks to compel (a) the production of documents the Defendant has articulated it does not possess and (b) responses to Requests for Admission that go the central issue of the case.

The Defendant's responses to the discovery demands are sufficient. As detailed below, the Plaintiff misconstrues the purpose of the discovery tools he has used in this matter. The Plaintiff's motion is an unnecessary attempt to compel further discovery through the incorrect method. Therefore, the Court should deny the Plaintiff's motion in its entirety.

## ARGUMENT

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Discoverable information need not be admissible itself, as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(1); *Arredondo v. Flores*, 2007 WL 3035859 (S.D. Tex. 2007).

The purpose of the discovery rules under the Federal Rules of Civil Procedure is "to expedite the truth seeking process and to give all parties the same opportunity to prepare their case." *Hickman v. Taylor*, 329 U.S. 495 (1947). The discovery tools made available to litigants are aimed to "narrow and clarify the basic issues between the parties" and function as a vehicle for locating the sources of relevant facts and eventually, ascertaining those facts. *See Id.*; *see also Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 515 (5th Cir. 1993).

At the same time, "discovery, like all matter of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). Discovery of matters "not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26." *Id.* Here, the Plaintiff's requests for clarifications are improper and as such, the motion should be denied.

**POINT I:** **THE DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS IS SUFFICIENT**

At the outset, the Plaintiff grounds his motion on the general principal that discovery under Fed. R. Civ. P. 26 is broad and therefore all questions must be answered according to his own satisfaction. However, Admissions as governed by Fed. R. Civ. P. 36 is not so simple. The Defendant has responded to the Plaintiff's Requests. The fact that the Plaintiff does not like the substance of the responses is not a basis to move to compel different answers that suit the outcome of his case more appropriately.

The Plaintiff asserts the Defendant's responses to Admissions 1, 2, 7, 12, and 13 are insufficient and require further response. The Plaintiff's position is nothing more than a thinly veiled attempt to use the discovery tool made available under Fed. R. Civ. P. 36 to litigate the ultimate issues that remain in dispute.

The purpose of a request under Fed. R. Civ. P. 36 is not to discover facts, but instead to narrow the scope of the issues in dispute and to facilitate proof with the respect to the issues that have to be further litigated. *See* Fed. R. Civ. P. 36, Advisory Committee Notes (1970). "[Rule 36] is not designed to discover facts, but to obtain admission of facts as to which there is no real dispute and which the adverse party can admit without qualification." *Rebman v. Follett Higher Education Group, Inc.*, 2008 WL 392793 (M.D. Fla. 2008). Thus, requests for admissions are not

principally discovery devices and should not be used as a substitute for other discovery processes which seek to uncover evidence. *Id.*

Request for Admissions No. 2, No. 7, No. 12 and No. 13 are improper because the requests attempt to discover specific facts and were not served to narrow issues for trial. The Plaintiff demands that the Defendant admit that all calls in question were placed by the Defendant, the motivation behind each and every call, which calls were made consciously, and which calls were made deliberately. *See* Plaintiff's Brief in Support, ¶¶ 11-14. These questions should be posed to a witness at a deposition, not in a request for admission. "[W]ritten interrogatories and requests for admission are not adequate substitutes for conducting a deposition." *Barnett v. Norman*, 2010 WL 3220122 (E.D. Cal. 2010).

In addition, requests for admissions as to central facts in dispute are beyond the proper scope of the rule. *See, e.g.*, *Pickens v. Equitable Life Assur. Soc. of U. S.*, 413 F.2d 1390, 1393 (5th Cir. 1969); *Bingham v. Baycare Health System*, 2016 WL 3595772 (M.D. Fla. 2016); *Kasar v. Miller Printing Mach. Co.*, 36 F.R.D. 200, 202 (W.D. Pa. 1964); *Lantz v. New York Cent. R. Co.*, 37 F.R.D. 69, 69 (N.D. Ohio 1963).

The Plaintiff's request for a supplemental response to its Request for Admission No. 1 speaks to the heart of a disputed fact so central that any admission would be dispositive of the litigation. It is therefore improper and does not require a supplemental response.

The Plaintiff attempts to utilize his Request for Admissions as a discovery tool, not as a procedure for narrowing the scope of the issues in dispute as prescribed by Fed. R. Civ. P. 36. In addition, the Plaintiff's first Request for Admission concerns the central issue of this case and is thus improper. As such, the Defendant submits the Plaintiff's motion should be denied.

**POINT II:** **THE DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES IS SUFFICIENT**

Fed. R. Civ. P. 33(a) provides that a party may serve upon any other party written interrogatories to discover any information relevant under Fed. R. Civ. P. 26(b). Fed. R. Civ. P. 33(a)(c). The Defendant will discuss each Interrogatory that the Plaintiff raises in his motion.

**Interrogatory No. 3**

> Interrogatory No. 3: provide the name(s) and complete contact information for the person(s) responsible for the training of the collection agents at ADS in the use of any technology, including software applications, used in their position as debt collectors that in any manner uses or is connected the phone equipment and/or technology that you intend to assert at trial was used to place the calls at issue in this lawsuit.
>
> Response: ADS objects to this demand because it seeks information that is not likely to lead to the discovery of admissible evidence. Specifically, the Telephone Consumer Protection Act (the "TCPA") is a strict liability statute and the identity of the individual who participates in training of the employees at ADS is not probative of a fact or consequence in the subject litigation.

The TCPA is a strict liability statute. As was previously articulated to the Plaintiff, a plain reading of the TCPA makes clear that the only relevant questions in this litigation are whether: (1) calls were made to a wireless phone; and (2) those calls were made with an automated telephone dialing system ("ATDS"). It is only the Plaintiff or a third-party that can provide information as to whether the number provided by the Plaintiff is associated with a mobile telephone.

The identity, contact information, or substance of the training an individual employed by the Defendant does not have any bearing on potential liability in this lawsuit. Specifically, the identity of the person in charge of training has no bearing on whether a call was made to a mobile phone using ATDS. The Plaintiff's argument that he needs this information to prove (a)

how the calls are placed and (b) when the calls are connected to agents should be rejected. First, how the calls are placed and when they are connected to the agents has no bearing on liability. Second, the identity of the Defendant's trainer will not provide the answer to information purportedly needed by the Plaintiff.

**Interrogatory No. 5**

> Interrogatory No. 5: If Defendant, as a defense to the claims made by the Plaintiff in this lawsuit, intends to assert at trial that the calls made by it or any of its subsidiaries or agents to wireless phone number 682-560-1675 were manually dialed or initiated by a live person, please provide the name and complete contact information for that person(s).
>
> Response: James Prawel, ADS's Chief Executive Officer, will testify as to the identity of the individual(s) who made telephone calls to the telephone number listed in this interrogatory.

At the outset, the Defendant's actual response is remarkably different from what is represented in the Plaintiff's motion. The Interrogatory asks for the identity of the individual, if any, who will testify that ADS made manual telephone calls. The Defendant's response indicates James Prawel, ADS's Chief Executive Officer, will testify regarding the manual calls. The Defendant has completely answered this Interrogatory. If the Plaintiff has follow-up questions, he can ask those questions during Mr. Prawel's deposition.

**Interrogatory No. 10**

> Interrogatory No. 10: Identify all equipment (including software, software applications, software packages, software systems, software programs, hardware, computer systems, and other electronic or non-electronic devices) that Defendant used to make the telephone calls to 682-560-1675 that are at issue in this lawsuit.
>
> Response: ADS objects to this demand because it seeks information that is not likely to lead to the discovery of admissible evidence. Specifically, the TCPA is a strict liability statute and the types of software, hardware, etc. used by ADS is not probative of a fact or consequence in the subject litigation.

6

Again, the TCPA is a strict liability statute. Thus, given that the Defendant has produced its call records that show its contact with the number articulated by the Plaintiff, the identity of the Defendant's equipment has no bearing on whether the Defendant dialed a mobile number or used ATDS technology. Importantly, as stated above, only the Plaintiff or a third-party can provide evidence as to whether the number identified by the Plaintiff is a mobile number.

**Interrogatory No. 11**

>Interrogatory No. 11: If Defendant contends that any telephone call that it made to telephone number 682-560-1675 that is at issue in this lawsuit was made involuntarily please explain the factual basis of that contention.
>
>Response: ADS objects to this interrogatory as broad and vague. ADS is unsure what information the Plaintiff is looking for.

Regardless of the Plaintiff's attempt to clarify the Interrogatory in a letter, the Defendant's response is appropriate. This Interrogatory is vague and the Defendant is unclear on how to answer same. It appears that the Plaintiff's inquiry may be ripe for a deposition of the Defendant.

**POINT III: THE DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION IS SUFFICIENT**

Fed. R. Civ. P. 34 provides that a party may serve upon any other party a request to produce and permit inspection of certain documents relevant under Fed. R. Civ. P. 26(b). Fed. R. Civ. P. 34. The Plaintiff's motion argues that the Defendant's response to Request 16 is insufficient. The request at issue states:

>Request No. 16: All policies and procedures for managing your telephone systems, including (for depositions):
>
>a. Individuals who define, design, approve or otherwise are involved in creating the calling programs and campaigns used in your collection operations.

7

>  b. Individuals with administrative level access to the calling systems.
>  c. Individuals who audit, maintain or otherwise operate the calling systems.
>  d. Individuals who maintain or manage lists of telephone numbers for collection activities and operations.
>
>  Response: ADS is not in possession of any documents responsive to this request.

Again, the Plaintiff has not gotten a response that he is satisfied with and demands a separate response more suitable for the prospects of his lawsuit. However, the Defendant articulated that it was not in possession of any responsive documents. Accordingly, the Defendant cannot be compelled to produce documents it does not possess.

## CONCLUSION

As articulated by the Northern District of Texas, judicial supervision of discovery should always seek to minimize costs and inconvenience and to prevent improper uses of discovery requests. Madden v. Wyeth, 2006 WL 7284528, at *2 (N.D. Tex. Jan. 12, 2006). Here, the Plaintiff's motion to compel is unnecessary. The issues to be determined at trial have been narrowed and the relevant underlying discovery has been exchanged. There remains a dispute as to the central issues in this case, which is why a trial will be necessary. If the Plaintiff believes he has a meritorious claim, he can certainly move forward with depositions and attempt to prove his case to a jury.

For the foregoing reasons, the Plaintiff's motion to compel supplemental discovery responses be denied in its entirety, together with such other and further relief as this Court deems just and proper.

DATED: September 20, 2016

/s Brendan H. Little
Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman LLP
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2016, I electronically filed the foregoing Brief in Opposition via the CM/ECF system, which should then send notification of such filing to all counsel of record. I further certify that the foregoing Brief in Opposition was sent to the following via United States Mail:

David Mack, Pro Se
7720 McCallum Blvd.
No. 2099
Dallas, TX 75252

s/ Brendan H. Little
Brendan H. Little